NATHANIEL B. STANTON, PLAINTIFF-RESPONDENT, v. SAMUEL RUSHMORE, DEFENDANT-APPELLANT.

Submitted January term, 1933—Decided June 17, 1933.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and CASE.

For the plaintiff-respondent, *Winfield S. Angleman.*

For the defendant-appellant, *Kunzman & Kunzman (Irving Kunzman,* of counsel).

PER CURIAM.

Plaintiff, a physician, sued for his services, on special employment, in testifying as a medical expert witness. Judgment was rendered for the plaintiff by the court, sitting without a jury, and the defendant appeals.

Defendant's first contention is that the trial court erred in refusing to nonsuit plaintiff on his opening because the contract as recited in the opening was void as against public policy. As hereinafter indicated we think that the contract was not void and that the ruling of the court was proper.

The second and only other point advanced by the appellant is that the trial court erred in refusing to nonsuit the plaintiff at the close of plaintiff's case and also erred in refusing to direct a verdict for the defendant because (1) the contract was void as against public policy and (2) plaintiff having been lawfully subpœned to testify and therefore being under a legal duty to testify, any agreement to compensate him in excess of legal witness fees was without consideration.

It appears by Dr. Stanton's testimony that on October 14th, 1930, he called at the defendant's house, and then saw and observed Mrs. Rushmore from a professional standpoint; that on December 10th, 1931, Mr. Rushmore came to him, asked if he remembered the incident and whether he had then observed Mrs. Rushmore; that upon receiving satisfactory response Mr. Rushmore requested the doctor to appear at a trial to be had in Chancery between Mr. Rushmore and his wife and there to testify as a physician to what he had observed; and upon the doctor's objecting because of his hospital engagements Mr. Rushmore promised to pay for the service the same amount of money as the doctor would "get for a gall bladder or appendicitis operation." It is a reasonable inference from the testimony that Dr. Stanton then agreed, in consideration of Mr. Rushmore's promise, to arrange his plans accordingly, to hold himself in readiness and to testify at the trial, the date of which, so far as is disclosed, had not yet been fixed. Later, on December 22d, the doctor, being then served with a subpœna at the instance of Mr. Rushmore's attorney, telephoned Rushmore and was forthwith called upon by the latter who reiterated and reaffirmed the earlier arrangement. Dr. Stanton further testifies that he did, in compliance with his agreement with Mr. Rushmore, appear at the Chancery trial and testify as a physician concerning what he had observed as a physician; and that a fair average of his charges for an appendicitis and gall bladder operation was $250, sometimes more, sometimes less. The jury awarded a verdict of $100.

We must assume that the jury found that Mr. Rushmore did engage the plaintiff to go into court and testify for him as a physician upon a matter of which plaintiff was professionally informed and at a fee commensurate with the plaintiff's charges for like time spent at his surgical labors. We need not speculate upon, nor was the jury or the trial court controlled by, what the defendant could have accomplished by relying upon his legal right to compel plaintiff's attendance by subpœna or the fact that a subpœna, accompanied by the statutory fee, was actually served. If the defendant chose, and was able, by the promise of reasonable compensa-

tion, to assure himself, well in advance of the details of plaintiff's professional knowledge and that plaintiff would hold himself present and ready to testify as an expert at the trial, the date of which had not then been fixed, that was his privilege. Whether he did so was a jury question. *Marlborough Gaslight Co.* v. *Neal (Mass.)*, 44 *N. E. Rep.* 139. We find nothing in the circumstances of the case to void the contract as contrary to public policy. We think that there was, at the time the contract was made, ample consideration.

Judgment below will be affirmed, with costs.